No. 113,545

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES H. MOORE,
*Appellant*.

SYLLABUS BY THE COURT

1.

A defendant's criminal-history score affects the defendant's presumptive sentence under the Kansas Sentencing Guidelines Act. To determine how to score a defendant's prior conviction, the district court must determine whether to treat the conviction as a felony and whether to treat the conviction as a person offense.

2.

Under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—other than the mere fact of a prior conviction—must be submitted to a jury and proved beyond a reasonable doubt.

3.

In Kansas, a jury verdict, standing alone, authorizes only the sentence the defendant would receive if he or she had no prior convictions. The district court still may give the defendant a more severe sentence based on prior convictions under *Apprendi*, but only if the district court does not need to make additional factual findings to do so.

4.

The district court determines whether a prior out-of-state conviction is a felony by looking at whether the crime was classified as a felony in the other state.

5.

The district court determines whether a prior out-of-state conviction is a person offense by comparing the out-of-state statute under which the defendant was convicted to the comparable offense in effect in Kansas on the date the crime was committed. To be comparable, the crimes need only be comparable, not identical.

6.

When determining whether the out-of-state conviction is a person offense, if the element of the crime that causes it to be a person offense is identical in both the comparable Kansas offense and the out-of-state offense for which the defendant was convicted, there is no problem under *Apprendi* and the offense can be classified as a person offense even if the two statutes don't match up perfectly in all other respects.

Appeal from Sedgwick County District Court; JOSEPH BRIBIESCA, judge. Opinion filed June 24, 2016. Affirmed.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S.J.

LEBEN, J.: In 2005, Charles Moore pled guilty to aggravated indecent liberties with a child. At sentencing, the district court classified his 1984 Oregon burglary conviction as a person offense, resulting in a higher criminal-history score and longer

sentence than if it had been classified as a nonperson offense. In 2014, he filed a motion to correct an illegal sentence, which the district court denied.

On appeal, Moore argues that in classifying his Oregon burglary conviction as a person offense, the district court violated his constitutional rights to a jury trial and due process because it made a factual finding that increased his sentence but wasn't proved beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 2288-89, 186 L. Ed. 2d 438 (2013). In *State v. Dickey*, 301 Kan. 1018, 1036-40, 350 P.3d 1054 (2015), the Kansas Supreme Court relied on *Descamps* and *Apprendi* to determine that the classification of the defendant's prior burglary conviction as a person offense was unconstitutional. The prior-conviction statute in *Dickey* criminalized burglary of various structures but not specifically burglary of a dwelling. Since the classification of burglary as a person offense depends on whether it involves a dwelling, the district court had gone into impermissible factfinding when it found that the prior conviction involved a dwelling—a fact that hadn't been determined by the jury.

But in this case, unlike in *Dickey*, Moore doesn't argue that the prior-conviction statute lacked a dwelling element. Instead, he argues that the Oregon statute and the comparable Kansas statute require different forms of criminal intent and that the district court in his case engaged in impermissible factfinding about his intent when it found the two statutes comparable. But the difference between the intent elements isn't relevant to the person classification of prior burglary convictions, and nothing in the *Dickey* decision requires that we look at Moore's intent to determine whether his Oregon crime was a person or a nonperson offense. We therefore affirm the district court, which denied Moore's motion to correct an illegal sentence.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Moore pled guilty to one count of aggravated indecent liberties with a child. The presentence-investigation report listed Moore's criminal history as "A" based on his prior convictions, including a 1984 Oregon conviction for first-degree burglary of a dwelling. At sentencing, Moore initially challenged the validity of the burglary conviction, but he withdrew his objection when the State presented a certified copy of the conviction.

The district court sentenced Moore to 494 months in prison based on his criminal-history score and its finding that he was a persistent sex offender, which doubled his sentence. See K.S.A. 2004 Supp. 21-4704(j). He did not challenge his criminal-history score in the direct appeal of his conviction and sentence, and his appeal was dismissed. *State v. Moore*, No. 94,309, 2006 WL 903164, at *1 (Kan. App. 2006) (unpublished opinion).

In December 2014, Moore filed a motion to correct an illegal sentence. He argued that under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), the district court was required to recalculate his criminal-history score and reduce his sentence. The district court denied Moore's motion, finding that *Murdock* did not apply. And although Moore had not mentioned the case in his motion, the court noted that another case dealing with how to calculate criminal-history scores, *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015), also didn't apply.

Moore has appealed to this court.

4

Moore argues that the district court violated his constitutional rights and imposed an illegal sentence when it classified his 1984 Oregon burglary conviction as a person offense, increasing his criminal-history score and, therefore, his sentence.

K.S.A. 22-3504 provides that "[t]he court may correct an illegal sentence at any time." The Kansas Supreme Court strictly defines an "illegal sentence" as "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013); *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). Defendants can use K.S.A. 22-3504 to challenge their criminal-history scores because such a challenge meets the second definition of an illegal sentence: it's a claim that a sentence doesn't conform to the applicable statutory provision. *Dickey*, 301 Kan. at 1034 (citing *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 [2011]). But as a general rule, defendants can't use K.S.A. 22-3504 to challenge their sentences on constitutional grounds because a constitutional challenge doesn't fall within the narrow definition of an illegal sentence. *State v. Lee*, 304 Kan. 416, 417-18, ___ P.3d ___, 2016 WL 1729385 (2016) (motion to correct illegal sentence wasn't appropriate way to assert claim that sentence was unconstitutional); *State v. Warrior*, 303 Kan. 1008, Syl., 368 P.3d 1111 (2016) ("A motion to correct illegal sentence under K.S.A. 22-3504[1] is an improper procedural vehicle for a constitutional claim.").

The State argues that Moore's claim is constitutional and can't be brought under K.S.A. 22-3504. See *Lee*, 304 Kan. at 417-18; *Warrior*, 303 Kan. 1008, Syl. But *Dickey* held that when a constitutional challenge impacts a defendant's criminal-history score, that challenge meets the definition of an illegal sentence: if the criminal-history score is

wrong for any reason, the sentence no longer complies with the sentencing statutes. *Dickey*, 301 Kan. at 1034 (citing *Neal*, 292 Kan. at 631); *State v. Vasquez*, 52 Kan. App. 2d 708, 714-18, ___ P.3d ___, 2016 WL 1728688 (2016) (distinguishing claim that a sentencing statute is unconstitutional from a claim that a constitutional error caused an incorrect criminal-history score and illegal sentence); see *State v. Luarks*, 302 Kan. 972, 975-76, 360 P.3d 418 (2015). Moore's claim can be brought under K.S.A. 22-3504.

The State makes three other procedural arguments, but none keep us from considering Moore's appeal on the merits. First, Moore can raise his *Dickey* argument for the first time on appeal because K.S.A. 22-3504 allows the court to correct an illegal sentence at any time. *Dickey*, 301 Kan. at 1027. Second, Moore didn't waive his *Dickey* argument by failing to object to his criminal-history score at sentencing: the Kansas Supreme Court rejected this argument in *Dickey* and held that a defendant's stipulation or failure to object at sentencing doesn't prevent the defendant from later challenging how prior convictions were classified for sentencing purposes. 301 Kan. at 1031. Third, the State argues that by pleading guilty, Moore waived his right to a jury at sentencing to determine any facts beyond those to which he pled that would increase his sentence. But the Kansas Supreme Court has said that under *Apprendi*, a defendant's guilty plea doesn't constitute a waiver of his or her due-process rights, including the right to have facts that increase his or her sentence proved beyond a reasonable doubt. See *State v. Cody*, 272 Kan. 564, 565-66, 35 P.3d 800 (2001); see also *State v. Allen*, 283 Kan. 372, 377-78, 153 P.3d 488 (2007). Moore's argument is properly before this court.

Whether a sentence is illegal and whether prior convictions are properly classified as person or nonperson crimes are questions of law that we review independently, without any required deference to the district court's conclusions. *Luarks*, 302 Kan. at 976.

6

We begin our analysis with the Kansas Sentencing Guidelines Act. Under the Act, a defendant's sentence is based on two factors: the severity of the current offense and the criminal-history score of the defendant. See K.S.A. 2015 Supp. 21-6804(a) (nondrug grid); K.S.A. 2015 Supp. 21-6805(a) (drug grid). The severity of the current offense is simply set forth in Kansas' criminal statutes. See, *e.g.*, K.S.A. 2015 Supp. 21-5807(c) (listing severity levels for different types of burglary). The criminal-history score, which is determined by the judge, can range from "I" (no criminal history or one misdemeanor) to "A" (three or more person felonies). K.S.A. 2015 Supp. 21-6809; K.S.A. 2015 Supp. 21-6804(a).

To calculate the criminal-history score, a court lists all of a defendant's prior convictions and then classifies each conviction in various ways, including whether it's a felony or a misdemeanor conviction and whether it's a person or a nonperson conviction. K.S.A. 2015 Supp. 21-6810. Crimes that cause physical or emotional harm to another person are generally person offenses and are weighted more heavily, while crimes that damage property are nonperson offenses and are weighted less heavily. *Keel*, 302 Kan. at 574-75. So having more prior person convictions will result in a higher criminal-history score, and a higher criminal-history score will lead to a longer prison sentence. See K.S.A. 2015 Supp. 21-6804(a); K.S.A. 2015 Supp. 21-6809. For convictions that occurred in Kansas after the sentencing guidelines became effective in 1993, these classifications are easy, because they appear in the text of Kansas criminal statutes. *Keel*, 302 Kan. at 574-75. But for all out-of-state convictions and for pre-1993 Kansas convictions, the classification process can be less straightforward. See, *e.g.*, K.S.A. 2015 Supp. 21-6811(d), (e).

For an out-of-state conviction, the court makes two classifications after the State proves that the conviction exists. First, the court determines whether the prior conviction is a misdemeanor or a felony based on the law of the state where the defendant was convicted: "An out-of-state crime will be classified as either a felony or a misdemeanor

7

according to the convicting jurisdiction." K.S.A. 2015 Supp. 21-6811(e)(2). And "[i]f a crime is a felony in another state, it will be counted as a felony in Kansas." K.S.A. 2015 Supp. 21-6811(e)(2)(A). Second, the court determines whether the prior conviction is a person or a nonperson offense by comparing the prior-conviction statute to the "comparable offense" in effect in Kansas on the date the current crime was committed. K.S.A. 2015 Supp. 21-6811(e)(3). Kansas courts have said that "comparable offense" means what it says: "'the offenses need only be comparable, not identical.'" *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by Dickey*, 301 Kan. at 1032).

Similarly, to classify pre-1993 Kansas convictions as person or nonperson, the court compares the prior-conviction statute to the "comparable offense" in Kansas in effect on the date the current crime was committed. K.S.A. 2015 Supp. 21-6810(d)(2); *Keel*, 302 Kan. at 581.

Finally, a special rule applies for classifying prior burglary convictions as person or nonperson: if the prior conviction involved burglary of a dwelling, it's a person crime, and if it didn't involve a dwelling, it's a nonperson crime. K.S.A. 2015 Supp. 21-6811(d); *State v. Cordell*, 302 Kan. 531, 534, 354 P.3d 1202 (2015). This distinction comes from the justification behind the person/nonperson classification and the definition of "dwelling": crimes that cause physical or emotional harm to another person are generally person crimes and are weighted more heavily, *Keel*, 302 Kan. at 574-75, and whether a place is a "dwelling" turns on whether it is used or intended to be used as a place for people to live. K.S.A. 2015 Supp. 21-5111(k). So burglaries of dwellings are more likely to involve harm to a person and are person offenses. See K.S.A. 2015 Supp. 21-6811(d); *State v. Roose*, 41 Kan. App. 2d 435, 439, 203 P.3d 18 (2009).

With this review of Kansas sentencing statutes in mind, we turn now to the relevant constitutional principle. *Apprendi* held that because of the Sixth Amendment right to a jury trial, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The "prescribed statutory maximum" is the punishment that's authorized under nothing but the facts found by the jury. *State v. Gould*, 271 Kan. 394, 410-11, 23 P.3d 801 (2001). In other words, a Kansas jury verdict, standing alone, authorizes only the sentence a defendant would receive if he or she has no criminal history—because the judge, and not the jury, determines a defendant's criminal-history score. *Gould*, 271 Kan. at 410-11. Under *Apprendi*, the court still can use prior convictions to calculate a defendant's criminal-history score, which may increase a defendant's sentence. But the court can't increase a defendant's sentence based on anything except those prior convictions. In *Gould*, for example, the Kansas Supreme Court applied *Apprendi* to hold that upward-departure sentences—increasing the maximum sentence that a defendant could receive based on aggravating facts found by the judge—were unconstitutional under *Apprendi*. 271 Kan. 394, Syl. ¶¶ 2-6.

*Apprendi* issues also arise, to a more limited extent, when a court looks beyond the mere existence of a prior conviction to classify it in some way. In *Descamps*, for example, the Supreme Court considered how a court should classify prior convictions when increasing a defendant's sentence under a provision of the federal Armed Career Criminal Act. See *Descamps*, 133 S. Ct. at 2282. That Act prescribes a sentence increase for any felon who possesses a firearm and also has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. §§ 922(g), 924(e) (2012). As federal courts have interpreted the Armed Career Criminal Act, a prior conviction qualifies as a "violent felony" only if the prior-conviction statute's elements are the same as, or narrower than, those of the generic offense. 133 S. Ct. at 2281.

That rule is derived from the Supreme Court's interpretation of the Armed Career Criminal Act, not the Constitution, but it has "Sixth Amendment underpinnings," as it keeps sentencing courts from running afoul of *Apprendi*. Considering the *Apprendi* principle underlying *Descamps* is illuminating because, broadly speaking, federal sentencing courts have to look beyond the existence of a prior conviction and determine whether it qualifies as a "violent felony" or a "serious drug offense" that will increase a defendant's sentence *in the same way* that Kansas sentencing courts have to look beyond the existence of a prior conviction and determine whether it is a person crime that will increase a defendant's sentence. See *Descamps*, 133 S. Ct. at 2281-82, 2288-89.

Specifically, in *Descamps*, the federal sentencing statute defined "violent felony" as burglary, arson, extortion, or another felony that includes an element of using physical force against a person. 18 U.S.C. § 924(e)(2)(B) (2012). To determine whether a prior burglary conviction counts as the type of burglary listed in the definition of "violent felony," the court compares the elements of the prior-conviction statute to the elements of the generic offense of burglary. 133 S. Ct. at 2281. To make this comparison without doing unconstitutional factfinding, federal sentencing courts use what the Supreme Court has called the categorical and modified-categorical approaches: both are ways to compare the elements of the prior conviction with elements of the generic offense without looking into the facts underlying the prior conviction. 133 S. Ct. at 2281.

Under the categorical approach, the court looks only at the elements of the two offenses. 133 S. Ct. at 2281. The court uses the modified-categorical approach when the prior-conviction statute is divisible—in other words, when the statute provides alternative ways of committing the crime. 133 St. Ct. at 2281. Under the modified-categorical approach, the court can look at a limited set of documents (like indictments and jury instructions) to determine which of the alternatives the defendant was actually convicted of. 133 S. Ct. at 2281. So, the modified-categorical approach lets the court look at a few underlying facts from the prior conviction, but not for sentencing purposes—only to

10

determine which parts of the prior-conviction statute it should compare to the generic offense. 133 S. Ct. at 2281.

For example, Descamps had a prior burglary conviction from California, and the California statute was broader than generic burglary because it didn't require proof of unlawful entry, while generic burglary requires breaking and entering of some kind. The California statute wasn't divisible because it provided only one way to commit the crime, but the sentencing court looked at the underlying facts of the prior conviction anyway to determine whether it had actually involved an unlawful entry. The Supreme Court reversed, holding that the modified-categorical approach could only be used if the prior-conviction statute was divisible, to determine which part of the statute the defendant was convicted under; it couldn't be used to discover other facts about the prior conviction to make it fit the generic offense. 133 S. Ct. at 2283.

The sentencing court in *Descamps* had looked at the facts underlying the prior conviction to determine whether Descamps had actually committed an unlawful entry, even though he wasn't convicted of a crime that required proof of an unlawful entry. The court was ultimately trying to determine whether to classify Descamps' prior conviction as a "violent felony." 18 U.S.C. §§ 922(g), 924(e). And although the Supreme Court didn't discuss it directly, the unlawful entry, or the breaking-and-entering element, is arguably what makes burglary a *violent* felony. See 133 S. Ct. at 2282, 2288-89. So the sentencing court's factfinding about the breaking-and-entering element in particular would violate *Apprendi*: The sentencing court found a fact about the prior conviction and used that fact to classify the burglary as a violent felony and increase the maximum sentence that Descamps could receive.

Like in *Descamps*, *Apprendi* problems can arise when Kansas courts classify prior convictions as person or nonperson crimes. See *Dickey*, 301 Kan. at 1039-40. As explained earlier, this problem doesn't occur for prior convictions that occurred in Kansas

11

after the Kansas Sentencing Guidelines Act became effective in 1993, because after that date, Kansas criminal statutes expressly stated whether they were person or nonperson crimes. But for out-of-state convictions and for pre-1993 in-state convictions, the district court has to determine whether they involved harm to a person and classify them as person or nonperson crimes. See K.S.A. 2015 Supp. 21-6811(d), (e)(5) (the facts required to classify prior burglary convictions and prior out-of-state convictions shall be established by the State by a preponderance of the evidence); see also K.S.A. 2015 Supp. 21-6810(d) (consider and score pre-1993 Kansas convictions based on comparable current Kansas offense). This classification is usually made by comparing the prior-conviction statute to the comparable Kansas statute in effect at the time the current crime was committed and using the classification in the comparable Kansas statute. *Keel*, 302 Kan. at 581.

This is what happened in *Dickey*. There, the district court classified the defendant's 1992 Kansas juvenile adjudication for burglary as a person felony. As discussed, prior convictions for burglary are scored as person or nonperson offenses based on whether the prior conviction involved burglary of a dwelling because that's where the potential for harm to a person occurs. K.S.A. 2015 Supp. 21-6811(d). The 1992 burglary statute didn't include a dwelling element. *Dickey*, 301 Kan. at 1039. So the sentencing court would have had to look at the facts underlying the 1992 conviction, determine that it involved a dwelling, and then use that fact to classify the conviction as a person felony and increase the defendant's sentence. This is exactly the type of "judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction" that *Apprendi* prohibits. 301 Kan. at 1021. So the *Dickey* court concluded that "classifying Dickey's prior burglary adjudication as a person felony violate[d] his constitutional rights." 301 Kan. at 1021.

Here, like in *Dickey*, Moore challenges the classification of a prior burglary conviction, but unlike in *Dickey*, his argument isn't about the dwelling element. Instead,

12

he argues that his prior conviction was wrongly classified as a person offense because the Oregon burglary statute includes a broader intent element than the Kansas burglary statute in effect when Moore committed his current crime. Essentially, he argues that because of this statutory difference, the Kansas burglary statute isn't comparable to the Oregon statute. And if there is no comparable Kansas crime, the prior conviction must be classified as nonperson. See K.S.A. 2015 Supp. 21-6811(e)(3) ("If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.").

Because Moore's prior conviction comes from Oregon, the court had to classify it in two key ways after the State proved that it existed. First, the court had to determine whether it was a misdemeanor or a felony, based on how Oregon classified it. K.S.A. 2015 Supp. 21-6811(e)(2). Oregon classifies burglary as a felony, Or. Rev. Stat. § 164.225(2), so the sentencing court classified the prior conviction as a felony. K.S.A. 2015 Supp. 21-6811(e)(2)(A). Second, the court had to classify the Oregon conviction as a person or a nonperson crime by (a) determining the comparable offense in effect in Kansas on the date the current crime was committed, K.S.A. 2015 Supp. 21-6811(e)(3), and (b) looking specifically at whether the Oregon statute included a dwelling element because that's what makes burglary a person offense in Kansas. K.S.A. 2015 Supp. 21-6811(d).

When determining which Kansas statute is comparable to an out-of-state conviction, "'the offenses need only be comparable, not identical.'" *Williams*, 299 Kan. at 873 (quoting *Vandervort*, 276 Kan. at 179). In other words, a comparable crime "must be 'similar in nature and cover a similar type of criminal conduct.'" *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. ___ (2015) (quoting *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 [2010]); see *State v. Buoy*, No. 113,796, 2016 WL 1546422, at *4 (Kan. App. 2016) (unpublished opinion) (comparing first-degree criminal trespass in Arizona to the Kansas statutes for burglary and criminal

13

trespass and determining that the Kansas criminal-trespass statute is more comparable). In *Williams*, the defendant made essentially the same argument that Moore makes here: that the Kansas offense wasn't comparable because the out-of-state statute required intent to commit any crime, while the Kansas statute required intent to commit a felony, theft, or sexual battery. *Williams*, 299 Kan. at 874. But the *Williams* court rejected that argument, stating that "the evidence-based approach Williams promotes is not the approach used by Kansas courts. Our courts examine the out-of-state crime of conviction and attempt to find a comparable Kansas crime." 299 Kan. at 874. The court went on to note specifically: "In this legal review of criminal statutes, there is no review of the evidence surrounding the out-of-state conviction." 299 Kan. at 875.

*Williams* was decided before *Dickey*, but the statutory comparison that the *Williams* court describes is consistent with *Dickey* and doesn't implicate *Apprendi* because the court looks only at the statutory elements and not at the facts underlying the prior conviction. *Williams*, 299 Kan. at 874-75. Indeed, this comparability analysis is completely consistent with the categorical approach described in *Descamps* and *Dickey*. *Descamps*, 133 S. Ct. at 2281; *Dickey*, 301 Kan. at 1037. A court violates *Apprendi* if (1) it makes factual findings about the prior conviction and (2) those findings increase the maximum sentence that a defendant could receive. 530 U.S. at 490; see also *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (extending *Apprendi* to hold that any fact that increases a prescribed statutory minimum sentence, not just a maximum one, must be proven to a jury). But in the comparable-offense analysis, the court looks only for comparable statutory elements; it doesn't make any factual findings about the prior conviction, so the *Apprendi* rule doesn't come into play. *Williams*, 299 Kan. at 874-75; see *State v. Friesen*, No. 113,495, 2016 WL 1546178, at *3 (Kan. App. 2016) (unpublished opinion) (describing *Apprendi* as a limit on the statutory comparison that prohibits a court from making factual findings beyond identifying statutory elements).

So, having determined that the Oregon burglary is a felony, the court next has to determine which Kansas statute is comparable. K.S.A. 2015 Supp. 21-6811(e)(3). The comparable Kansas statute is the one that was in effect in 2004, when Moore committed the crimes at issue here. *Keel*, 302 Kan. at 581. (The relevant statutes haven't changed much in substance since then; the minor changes that have been made do not affect the arguments here. For the convenience of today's reader, then, we will cite to the most current statutes in this opinion.) Kansas burglary is: "without authority, entering or remaining within" either a dwelling or a nondwelling "with *intent to commit a felony, theft or sexually motivated crime therein*." (Emphasis added.) K.S.A. 2015 Supp. 21-5807(a). Kansas burglary is a person crime if it involves a dwelling. K.S.A. 2015 Supp. 21-6811(d). Kansas defines "dwelling" as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2015 Supp. 21-5111(k).

Oregon criminalizes burglary in the second degree as entering or remaining "unlawfully in a building *with intent to commit a crime therein*." (Emphasis added.) Or. Rev. Stat. § 164.215. But Moore concedes that he was convicted of first-degree burglary in Oregon under Or. Rev. Stat. § 164.225:

> "(1) A person commits the crime of burglary in the first degree if the person violates O.R.S. 164.215 *and the building is a dwelling*, or if in effecting entry or while in a building or in immediate flight therefrom the person:
>   (a) Is armed with a burglar's tool as defined in O.R.S. 164.235 or a deadly weapon; or
>   (b) Causes or attempts to cause physical injury to any person; or
>   (c) Uses or threatens to use a dangerous weapon." (Emphasis added.)

Oregon defines "dwelling" as "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present." Or. Rev. Stat. §§ 164.205(2); 164.225.

15

We note that the Oregon statute is divisible because it provides multiple ways to commit first-degree burglary: either it involved a dwelling, a burglar's tool, physical injury to another, or a dangerous weapon. See *Descamps*, 133 S. Ct. at 2281; *Dickey*, 301 Kan. at 1037-38. But Moore doesn't argue that the district court erred when it classified this conviction as a person crime because that classification was based on a factual finding that the Oregon burglary conviction involved a dwelling. If he had, we would remand the case for the district court to use the modified-categorical approach and examine documents related to the Oregon conviction to determine, if it could, under which of these alternatives Moore was convicted. See *Descamps*, 133 S. Ct. at 2281; *Dickey*, 301 Kan. at 1037-38. If he was convicted under any of the alternatives except the dwelling option, or if the district court couldn't determine which of the alternatives formed the basis of the conviction, then the court would have to classify it as a nonperson crime. See *Dickey*, 301 Kan. at 1039; *State v. Mullens*, 51 Kan. App. 2d 1114, 360 P.3d 1107, 1111 (2015). But if the modified-categorical approach showed that Moore was convicted of first-degree burglary based on the dwelling element, then the Oregon conviction would be properly classified as a person crime because the Oregon and Kansas definitions of "dwelling" are similar and both turn on the potential presence of a person. Compare Or. Rev. Stat. §§ 164.205(2), with K.S.A. 2015 Supp. 21-5111(k).

We do not remand for that purpose, however, because nowhere in his brief on appeal does Moore argue that the "dwelling" elements of the Oregon and Kansas statutes aren't identical, and he has not disputed that he was convicted of first-degree burglary of a dwelling in Oregon. Moore did initially challenge the classification of this conviction at sentencing, but after he and his counsel reviewed the certified record of the conviction, he dropped his challenge. And the presentence-investigation report, to which he dropped his objection, lists the conviction as "Burglary in the First Degree (Dwelling)."

Moore instead argues that his prior conviction was wrongly classified as a person crime because the Oregon burglary statute included a broader intent element than the comparable Kansas burglary statute, making the crimes not actually comparable and requiring a nonperson classification. See K.S.A. 2015 Supp. 21-6811(e)(3). Moore is correct that the Oregon intent element is broader than the Kansas intent element, but he is wrong that this difference comes into play in deciding whether his Oregon conviction was a person offense.

Moore's argument is based on the broad rule recited in *Descamps* that the prior-conviction statute must be identical or narrower than the elements of the generic offense to qualify as a violent felony and increase a defendant's sentence. 133 S. Ct. at 2281. But this identical-or-narrower rule is a federal rule governing interpretation of the Armed Career Criminal Act. See *Taylor v. United States*, 495 U.S. 575, 588, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) (The Act "intended that the enhancement provision be triggered by crimes having certain specified elements, not by crimes that happened to be labeled 'robbery' or 'burglary' by the laws of the State of conviction."). Indeed, the categorical approach existed before *Apprendi* was decided; only later did the Court in *Descamps* recognize that it helped prevent *Apprendi* violations. *State v. Buell*, ___ Kan. App. 2d ___, ___ P.3d ___ (No. 113,881, this day decided), slip. op at 16; see *Descamps*, 133 S. Ct. at 2288 (noting that classifying a prior conviction "would (at the least) raise serious [constitutional] concerns if it went beyond merely identifying a prior conviction"). This rule served as background in *Descamps*, in which the court compared a specific California burglary statute to the generic offense of burglary: Under the Armed Career Criminal Act, the California burglary statute had to be identical or narrower than generic burglary. 133 S. Ct. at 2281.

But in Kansas, there's no statutory requirement that an out-of-state offense be identical or narrower than the comparable Kansas offense. *Buell*, slip op. at 15; *Williams*, 299 Kan. at 873. And while the Kansas Supreme Court relied on *Descamps* to decide

17

*Dickey*, it focused on the *Apprendi* principle, not on the identical-or-narrower rule. See *Dickey*, 301 Kan. at 1039-40. And it also didn't *adopt* the identical-or-narrower rule—doing so would have required overruling past Kansas caselaw holding that the comparable Kansas offense doesn't have to be identical to the prior-conviction statute and that the question is whether the statutes prohibit similar conduct. See, *e.g.*, *Williams*, 299 Kan. at 873 (quoting *Vandervort*, 276 Kan. at 179); *State v. Riolo*, 50 Kan. App. 2d at 353 (quoting *Barajas*, 43 Kan. App. 2d at 643).

So Kansas doesn't require comparable statutes to be identical—but is the difference between intent elements as meaningful as a difference in dwelling elements can be when classifying prior convictions as person or nonperson crimes? See *Dickey*, 301 Kan. at 1038-40. In a word, no.

Moore's Oregon conviction is definitely a felony. See Or. Rev. Stat. § 164.225(2); K.S.A. 2015 Supp. 21-6811(e)(2)(A). And prior felony convictions are either person or nonperson, with nonperson being the lower and default option. See, *e.g.*, K.S.A. 2015 Supp. 21-6811(e)(3) (if there's no comparable crime in Kansas, an out-of-state felony is a nonperson felony). So a nonperson classification doesn't implicate *Apprendi* because the classification doesn't increase a defendant's sentence—it only shows the fact of a prior conviction, as expressly permitted under *Apprendi*. 530 U.S. at 490. But changing the classification to "person" will increase a defendant's sentence because crimes that cause physical or emotional harm to another person are weighted more heavily in the sentencing guidelines. *Buell*, slip op. at 7; *Keel*, 302 Kan. at 574-75; see K.S.A. 2015 Supp. 21-6804(a); K.S.A. 2015 Supp. 21-6809.

For burglary convictions, the dwelling element is the only thing that separates person burglary from nonperson burglary; in other words, the level of intent required for nonperson burglary is the same as person burglary. K.S.A. 2015 Supp. 21-6811(d); see K.S.A. 2015 Supp. 21-5807; *Buell*, slip op. at 16. So intent is irrelevant to the person

classification of Moore's Oregon burglary conviction. As such, there's no reason to use the *Descamps* categorical or modified-categorical approach to avoid an *Apprendi* problem because the difference in the statutes isn't related to increasing Moore's sentence. *Buell*, slip op. at 16.

We recognize that in some earlier cases, other panels of this court have reached the opposite conclusion and have remanded cases similar to this one for application of the categorical or modified-categorical approaches. These panels have concluded, although without much explanation, that *Dickey* adopted the identical-or-narrower rule from *Descamps* and that such a result was mandated by *Apprendi*, *Descamps*, and *Dickey*. *Mullens*, 51 Kan. App. 2d at 1119-20 (remanding for the modified-categorical approach on the intent elements in the Texas and Kansas burglary statutes); see *State v. Gonzales*, No. 107,798, 2016 WL 299042, at *7 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed on other grounds* February 22, 2016 (same for "in or on" element of the Arizona burglary statute); *State v. Lewis*, No. 113,438, 2016 WL 1546133, at *5 (Kan. App. 2016) (unpublished opinion) (same for " building or habitation " element of the Texas burglary statute); *State v. Morris*, No. 111,783, 2016 WL 299056, at *4-5 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* February 5, 2016 (affirming sentence because prior Kansas battery and assault conviction statutes were narrower than comparable Kansas statutes); see also *State v. Smith*, No. 113,297, 2016 WL 1391767, at *9-10 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* April 29, 2016 (remanding for modified-categorical approach to compare both the dwelling and intent elements of the South Carolina and Kansas burglary statutes); *State v. Sturgis*, No. 112,544, 2015 WL 9286956, at *18 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016 (same for intent element of Michigan home-invasion statute).

Another panel of our court, in the *Buell* opinion also filed today, is in agreement with us that we need not look at additional documents and facts under the modified-categorical approach to determine which part of a divisible statute applied to the

defendant *unless* one of those divisible alternatives has a meaningful impact on the person classification of the prior conviction. *Buell*, slip. op. at 16. The modified-categorical approach is just a tool to figure out which part of the statute the defendant was convicted under, nothing more. 133 S. Ct. at 2285. And if we don't need to know which part of the statute the defendant was convicted under, either to choose the comparable Kansas statute or to determine whether, within that comparable statute, the element relevant to the person classification matches the prior conviction statute, then we don't need to do the modified-categorical approach. *Cf. Lewis*, 2016 WL 1546133, at *5 (an example of where the modified-categorical approach would be appropriate because the prior-conviction statute criminalized burglary of a "building or habitation" and only "habitation" fit the Kansas definition of "dwelling").

As a group, *Mullens*, *Gonzales*, *Smith*, and *Sturgis* (four of the six cases listed above) all involved a prior burglary or home-invasion conviction from another state. See, *e.g.*, *Mullens*, 51 Kan. App. 2d at 1118. They began their analyses by pointing out the differences between the prior-conviction statute and the comparable Kansas statute. See, *e.g.*, 51 Kan. App. 2d at 1116-17. In doing so, none of them discussed or cited the Kansas caselaw that says "comparable" doesn't mean "identical." See, *e.g.*, 51 Kan. App. 2d at 1118-20. Then they stated that *Dickey* adopted the *Descamps* analysis, noted that the out-of-state prior-conviction statutes were divisible, and remanded for the district court to apply the modified-categorical approach to determine both (1) which section of the prior-conviction statute the defendant was convicted under and (2) whether that section was identical to or narrower than the Kansas statute. See, *e.g.*, 51 Kan. App. 2d at 1118-20. They did this without regard for how or why Kansas courts classify crimes as person or nonperson, even though for burglary crimes, the only element relevant to the person/nonperson classification is whether the crime involved a dwelling. Accordingly, in our view, these cases reached the wrong result because they overlooked the Kansas definition of "comparable" and adopted the broad identical-or-narrower rule from *Descamps*.

20

We do not lightly disagree with prior decisions reached by our court. But panels of our court are allowed to do so. See *State v. Urban*, 291 Kan. 214, 223, 239 P.3d 837 (2010). And such disagreement can alert the Kansas Supreme Court to conflicting rulings that it may need to resolve. See K.S.A. 20-3018(b) (providing that the Supreme Court may review Court of Appeals decision when in conflict with another). Or it may be that our court will collectively adopt the approach taken today in *Buell* and *Moore*. Time will tell on that front.

In sum, to classify out-of-state convictions as person or nonperson offenses for sentencing purposes, first we compare statutory elements to determine which Kansas statute is "comparable." K.S.A. 2015 Supp. 21-6811(e). The *Descamps* categorical and modified-categorical approaches are consistent with this comparison and provide protection against unconstitutional factfinding because they direct courts to focus on statutory elements rather than underlying facts. See *Dickey*, 301 Kan. at 1038-39. Second, the court classifies the conviction as person or nonperson based on that comparable Kansas crime. K.S.A. 2015 Supp. 21-6811(e)(3). If the element of the comparable Kansas crime that causes it to be a person crime is *narrower* than that same element as it exists in the prior-conviction statute, we have an *Apprendi* problem like the dwelling issue in *Dickey*. 301 Kan. at 1039-40. But if other elements of the two statutes don't match up perfectly, there's no *Apprendi* problem because the court doesn't rely on those elements to make the person/nonperson classification.

So here, Moore's Oregon burglary is comparable to a Kansas burglary, and the differences in the statutes aren't relevant to the person classification. Moore's Oregon burglary conviction was correctly classified as a person crime, and the district court properly denied Moore's motion to correct an illegal sentence.

We therefore affirm the district court's judgment.

21