NOT DESIGNATED FOR PUBLICATION

No. 116,845

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE TRAVERS GARRETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 2, 2018. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: Shane Travers Garrett was convicted of a drug crime in 2016. He had a prior conviction in California in 2009 under Cal. Penal Code § 459 of burglary in the first degree. This conviction was included in his criminal history at sentencing. The district court treated the California conviction as a person felony and sentenced Garrett to 32 months in prison in accordance with the plea agreement. On appeal, Garrett claims the court erred in treating his California conviction as a person felony. We disagree and affirm.

1

Garrett does not claim the district court erred in treating his California crime as a felony. He limits his argument to whether his California crime should be treated as a person crime. He claims that Kansas does not have a comparable burglary statute, so his California conviction must be classified as a nonperson crime.

Garrett raises an issue of statutory interpretation under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2016 Supp. 21-6801 et seq., over which our review is unlimited. *State v. Collier*, 306 Kan. 521, 528, 394 P.3d 1164 (2017) (citing *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 [2015], *cert. denied* 136 S. Ct. 865 [2016]).

Under K.S.A. 2016 Supp. 21-6811(e)(3), we classify Garrett's California conviction as either a person or nonperson crime by comparing it to a comparable offense in Kansas at the time of Garrett's current crime. See *Keel*, 302 Kan. at 590. If Kansas does not have a crime comparable to Garrett's California crime, we classify his California crime as a nonperson crime. If Kansas does have a comparable crime, we refer to the Kansas statute to determine whether Garrett's California crime was a person or a nonperson crime.

In determining whether Garrett's California crime was comparable to a Kansas burglary, we first determine whether the California burglary statute is comparable—not necessarily identical—to the Kansas burglary statute. See *State v. Moore*, 52 Kan. App. 2d 799, 810, 377 P.3d 1162 (2016) (quoting *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 [2014]), *rev. granted* 305 Kan. 1256 (2016). A comparable crime is one that is "'similar in nature and cover[s] a similar type of criminal conduct.'" *Moore*, 52 Kan. App. 2d at 810 (quoting *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 [2014], *rev. denied* 302 Kan. 1019 [2015]).

Under the principle announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), if the sentencing court needs to find facts (other

than the mere fact of the prior conviction and the elements making up that crime) in determining whether the out-of-state crime is comparable to the local crime, those facts need to be proven beyond a reasonable doubt to a jury. See *State v. Dickey*, 301 Kan. 1018, 1036-40, 350 P.3d 1054 (2015). But our Supreme Court has noted that "the person-crime classification generally does not require the type of historical factfinding ordinarily at issue in *Apprendi* cases." *Collier*, 306 Kan. at 528.

The California statute at the time of Garrett's California crime defined burglary as follows:

> "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel . . . floating home . . . railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach . . . any house car . . . inhabited camper . . . vehicle . . . when the doors are locked, aircraft . . . or mine or any underground portion therefore, with intent to commit grand or petit larceny." Cal. Penal Code § 459.

Burglary in the first degree was defined as committing a burglary of certain structures that are inhabited. Cal. Penal Code § 460. Inhabited was defined as

> "currently being used for dwelling purposes, whether occupied or not. A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises." Cal. Penal Code § 459.

At the time of Garrett's current crime, Kansas defined burglary as follows:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

3

(2) Building, manufactured home, mobile home, tent, or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivate crime therein; or

(3) Vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2015 Supp. 21-5807(a).

Burglary as defined in K.S.A. 2015 Supp. 21-5807(a)(1) is a person felony, but burglaries under (a)(2) and (a)(3) are nonperson felonies. K.S.A. 2015 Supp. 21-5807 (c)(1)(A)-(C).

Garrett asserts the California first-degree burglary statute is broader than K.S.A. 2015 Supp. 21-5807(a)(1) and, therefore, not comparable because Kansas requires the finding of the additional element of entering "without authority." In support of his argument, Garrett cites *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013), for the proposition that in order for a court to use a prior conviction to enhance a sentence, the statute of conviction in the current case must have elements that match, or are narrower than, the generic crime. But *Descamps* was based on an interpretation of a federal statute and this equal-or-narrower rule does not apply in Kansas. See *Moore*, 52 Kan. App. 2d at 813-14.

The California crime need not be identical, but instead merely needs to be similar in nature and cover similar type of conduct. See *Williams*, 299 Kan. at 872. Here, both crimes require the entering of a dwelling with the specified criminal intent. While Kansas does have an additional element of entering "without authority," this element of burglary does not affect the person/nonperson distinction. Crimes are classified as person crimes because they could cause physical or emotional harm to another person, while crimes that damage property are generally nonperson crimes because they do not place a person's physical or emotional well-being in jeopardy. *Keel*, 302 Kan. at 574-75. For this reason,

4

the person crime of burglarizing one's home is distinct from the nonperson crime of burglarizing a business warehouse.

The "without authority" element has nothing to do with the owner's physical or emotional state so as to render the crime a person crime. Thus, the distinction between the Kansas statute with its "without authority" element and the California statute that does not contain this element does not render the California crime a nonperson crime for purposes of calculating Garrett's criminal history score.

Here, the California and Kansas burglary crimes are similar in nature and cover similar conduct, and the only difference between the California statute and the Kansas statute is not related to the person/nonperson distinction. Thus, the district court did not err in classifying Garrett's out-of-state conviction for burglary in the first degree as a person crime for purposes of sentencing.

Affirmed.