NOT DESIGNATED FOR PUBLICATION

No. 116,410

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYRONE JERNIGAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed March 2, 2018. Reversed and remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Tyrone Jernigan appeals from his sentence for possession of marijuana with intent to sell. Jernigan pled no contest, and the district court enhanced his sentence by six months for possessing a firearm during the commission of the crime. Jernigan argues that the district court violated his rights by enhancing his sentence without a jury finding of fact that he possessed the gun. Because we find the firearm enhancement to Jernigan's sentence violated his rights as set out in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and related Kansas cases, we vacate the six-month firearm enhancement to his sentence.

1

FACTS

On August 14, 2015, Lieutenant Angela Weeks of the Junction City/Geary County Drug Operations Group executed a search warrant at an apartment in Junction City, Kansas. The lieutenant and other officers determined the apartment belonged to Jernigan. During the search, the officers found "suspected marijuana, numerous smoking devices, a black in color Hi-Point 9mm hand gun and three prescriptions [*sic*] pills." Lieutenant Weeks advised Jernigan of his *Miranda* rights, and Jernigan agreed to speak with the officers. He admitted to possessing the gun and dealing small amounts of marijuana.

Shortly thereafter, the State charged Jernigan with one count of possession of marijuana with intent to sell within 1,000 feet of a school zone, a drug severity level 3, nonperson felony, plus an additional six months' imprisonment due to possessing a firearm during the commission of the crime; one count of possession of drug paraphernalia, a drug severity level 5, nonperson felony; and one count of possession of amphetamine, a drug severity level 5, nonperson felony.

On January 15, 2016, Jernigan entered into a plea agreement with the State. In exchange for a plea of no contest, the State agreed to lower count one to possession of marijuana with intent to sell, a drug severity level 4 nonperson felony, and to dismiss all remaining charges. The written plea agreement set out the penalty range for a drug severity level 4 felony, but it did not mention any charges or sentencing enhancements due to Jernigan's gun possession. As per the agreement, the State filed an amended complaint on the same day. Conversely to the plea agreement, the amended complaint did not set out the statutory penalty range for a drug severity level 4 felony but did include language stating "[p]lus an additional 6 months due to possessing a firearm."

On the same day, the district court held a plea hearing. The court performed a detailed colloquy and informed Jernigan of his rights, the charge he faced, and the

possible sentence from that charge, including the potential sentence enhancement of six months for possession of a firearm. At the end of the colloquy, Jernigan pled no contest to the amended charge. The State proffered a statement of facts, including a description of the firearm and ammunition that police officers found in Jernigan's home. The court asked Jernigan if he had any objections to the State's factual statement, and Jernigan advised that he did not. The district court then accepted Jernigan's plea.

The district court held a sentencing hearing on June 6, 2016. The court sentenced Jernigan to 24 months' imprisonment, which included the 6-month enhanced sentence for committing the crime while in possession of a gun, along with 24 months' postrelease supervision.

Jernigan has filed this timely appeal from his sentence.

ANALYSIS

As his single issue on appeal, Jernigan challenges the legality of his sentence, specifically objecting to the district court's enhancement of his sentence based on his possession of a firearm. He argues that the fact he possessed a weapon at the time he committed the crime was not properly established and, thus, violated the holding of the United States Supreme Court in *Apprendi*. In response, the State contends the factual record establishes that the district court adequately found Jernigan to be in possession of a gun at the time of the crime and during the plea hearing it informed Jernigan of the sentence enhancement which he would face at sentencing.

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

3

The holding of the nearly two-decade-old *Apprendi* decision is clear and unambiguous. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

The issue raised in our case is similar to others resolved in two recent unpublished opinions from this court. See *State v. Arnold*, No. 113,750, 2016 WL 1079487 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1320 (2017), and *State v. Morales*, No. 114,223, 2016 WL 4070748 (Kan. App. 2016) (unpublished opinion). A careful analysis of these decisions provides important guidance to us in deciding whether Jernigan's enhanced sentence was legal in this case.

In *Arnold*, the defendant pled no contest to one count of possession of marijuana with intent to distribute while in possession of a firearm. Arnold's plea agreement did not mention a six-month enhancement for possession of a weapon at the time of the crime. At the plea hearing, in addition to agreeing that the State could produce evidence regarding the drug possession with intent charge, Arnold also answered affirmatively to the district court's inquiry about whether he believed that the State could come forward with "'additional evidence about [a] firearm'" in the vehicle he was driving when he was arrested. 2016 WL 1079487, at *1. Arnold also agreed that his sentence could "'potentially include an additional six months'" thus increasing his possible sentence by 6 months, resulting in a penalty range of 52 to 89 months in prison. 2016 WL 1079487, at *1.

However, at the plea hearing Arnold did not stipulate or otherwise admit to the facts alleged by the State, and the district court did not make a specific finding regarding the firearm other than a general finding that there was "'a factual basis to convert [Arnold's] plea to a finding of guilt.'" 2016 WL 1079487, at *4.

4

On appeal, this court determined that Arnold's sentence was illegal. Although he entered a no contest plea and agreed on the record at the plea hearing that the State could come forward with sufficient evidence to prove there was a firearm in the vehicle he was driving when arrested, Arnold did not agree to the facts that the State presented. Since the district court only made a broad, generic finding of guilt, the court thereby omitted a necessary factual finding to permit the sentence enhancement. 2016 WL 1079487, at *4.

The *Arnold* panel also noted the critical distinction between guilty and no contest pleas in situations of this sort, as well as the need for very specific factual findings by the district court:

> "Unlike a plea of guilty, which is an admission of the truth of the charge as well as every material fact alleged by the State, a no contest plea does not involve an express admission of guilt or of the material facts. *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009). Moreover, in *Case* the Kansas Supreme Court found that a district court cannot impose a sentencing enhancement beyond the statutorily provided range based on the State's factual proffer in support of a no contest plea. *It may only do so based on a defendant's admission of the necessary facts or a trier of fact's determination of them.* See 289 Kan. at 467-68." (Emphasis added.) 2016 WL 1079487, at *4.

Although application of *Apprendi* was not at issue in the *Arnold* case, the panel ultimately overturned his sentence as illegal, concluding that there was no factual finding made by the district court that Arnold carried a firearm during the commission of the drug crime as required by K.S.A. 2014 Supp. 21-6805(g)(1)(A). 2016 WL 1079487, at *5.

Similarly, defendant Morales pled guilty to two counts of possession of illicit drugs with intent to distribute. Each of the charges pled to in the complaint contained language warning that each crime was "'a drug severity level 4, nonperson felony, plus six months for possessing a firearm.'" 2016 WL 4070748, at *1. Morales' plea agreement

5

made no mention of her waiving her right to a trial on the six-month sentence enhancement, and a six-month enhancement for firearm possession was not discussed during the plea colloquy with the district court. Though the prosecutor, when stating the factual basis for the plea, did indicate that a firearm was found in Morales' car among her belongings, and upon inquiry, Morales did not object to the factual basis, the district court did not mention any possible sentencing enhancements and made no specific finding regarding Morales' carrying or possession of a firearm.

The *Morales* panel found no indication that Morales was waiving her right to a jury to determine a sentence enhancement. And, noting that "[a] stipulation by a party unequivocally proves the fact to which the parties stipulated," the court found that mere assent to a State's factual proffer did not amount to a valid stipulation by the defendant of her possession of a firearm beyond a reasonable doubt. 2016 WL 4070748, at *3. Thus, the record bore no indication that Morales stipulated to the facts necessary to support a firearm enhancement by the district court. Finding this to be a clear violation of *Apprendi,* the *Morales* panel vacated the six-month firearm enhancement to the defendant's sentence. *Morales*, 2016 WL 4070748, at *4.

After carefully examining the record in Jernigan's case, we find two significant flaws which are similar to those in both the *Arnold* and *Morales* decisions, and which are fatal to the sentencing enhancement imposed on Jernigan.

First, Jernigan's plea agreement makes no mention of the sentence enhancement. Similar to *Morales*, the plea agreement in this case left sentencing up to the parties.

The second and most critical problem here is the absence of a valid stipulation by Jernigan in order to waive the jury trial requirement under *Apprendi.* As a panel of this court noted in 2016, "the Kansas Supreme Court has said that under *Apprendi*, a defendant's guilty plea doesn't constitute a waiver of his or her due-process rights,

6

*including the right to have facts that increase his or her sentence proved beyond a reasonable doubt.* [Citations omitted.]" (Emphasis added.) *State v. Moore*, 52 Kan. App. 2d 799, 803, 377 P.3d 1162, *rev. granted* 305 Kan. 1256 (2016). And as the Supreme Court decision in *Case* teaches, the lack of an admission to material facts inherent in a no contest plea, such as one that was entered by Jernigan in our case, places an even higher premium on obtaining a clear stipulation from a defendant, proving facts beyond a reasonable doubt, which may then lead to a valid sentencing enhancement. See *State v. Case*, 289 Kan. 457, 213 P.3d 429 (2009).

Unlike *Arnold* and *Morales*, here the district court twice mentioned the six-month sentence enhancement without objection from Jernigan. But the district court never informed Jernigan of his rights under *Apprendi* to have a jury determine the facts necessary for the firearm sentencing enhancement. Although the State proffered specific evidence on the question of possession of a gun while presenting a factual basis for the plea, and Jernigan agreed the proffer was sufficient "to sustain a finding of guilt," nothing with the specificity and clarity of a stipulation was entered into by the parties and no specific finding based on a stipulation was made by the district court. Though the district court also asked Jernigan if he had any objections to the State's proffer of evidence, and he declined to object, the lesson to be learned from *Case*, *Morales*, and similar decisions is that this kind of unfocused blessing of a litany of facts presented by the State cannot support a finding beyond a reasonable doubt that Jernigan actually carried or possessed a firearm in order to achieve a meaningful waiver of his *Apprendi* rights.

The district court here clearly tried to fulfill its role by mentioning the six-month enhancement several times during the plea hearing. The factual basis presented by the State was sufficiently detailed to put everyone on notice as to what evidence the State would rely on if it proceeded to trial. A nonobjection by a defendant to proffered facts is usually sufficient for the taking of most pleas. But *Apprendi* is strong constitutional medicine. And our caselaw makes it abundantly clear that the normal rules for taking

7

garden variety pleas not involving factually based sentencing enhancements just are not good enough in cases where *Apprendi*'s constitutional principles are implicated.

We hold that the plea proceedings in this case did not result in Jernigan knowingly waiving his *Apprendi* rights, and consequently the district court erred in its finding that Jernigan should be subject to the six-month enhanced sentencing requirement. Accordingly we order the six-month sentence enhancement vacated, which will necessitate the resentencing of Jernigan.

Reversed and remanded for resentencing of the defendant without the six-month firearm enhancement.