No. 115,058

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE HORST RALF FAHNERT,
*Appellant*.

SYLLABUS BY THE COURT

1.

In classifying a prior out-of-state conviction as person or nonperson for purposes of scoring criminal history, the court shall refer to comparable offenses under the Kansas Criminal Code in effect on the date the current crime of conviction was committed. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime. If Kansas does have a comparable offense at the time the defendant committed the current crime of conviction, the court must refer to that comparable offense in Kansas in deciding whether to classify the prior out-of-state conviction as a person or nonperson offense.

2.

To determine whether a Kansas offense is comparable to an out-of-state conviction, the offenses need only be comparable, not identical. A comparable crime is one that is similar in nature and covers a similar type of criminal conduct.

1

3.

If the current comparable offense under the Kansas Criminal Code criminalizes some conduct as a person offense and other conduct as a nonperson person offense, both the Kansas and United Stated Constitutions require further analysis to determine the propriety of classifying a prior out-of-state conviction as a person offense for purposes of scoring criminal history under K.S.A. 2016 Supp. 21-6811(e). In that circumstance, which arises under the Kansas burglary statute, K.S.A. 2016 Supp. 21-5807, at issue here, the constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), are implicated when the court goes beyond the fact of a prior out-of-state conviction and its statutory elements to make findings of fact that are then used to increase the penalty for the current crime of conviction beyond the prescribed statutory maximum.

4.

In referring to the current comparable offense under the Kansas Criminal Code, there are two ways to analyze prior convictions for scoring criminal history in calculating a current sentence without violating the constitutional protections in *Apprendi*. When the out-of-state statute of conviction is indivisible, meaning it sets out only a single set of elements, courts take a "categorical approach" and look only to the elements of the statute upon which the prior offense was based in referring to the comparable Kansas statute. When the out-of-state statute of conviction is divisible, meaning it sets out alternative sets of elements that represent more than one crime, courts take a "modified categorical approach" to determine which alternative set of statutory elements the court should use for its comparison under the categorical approach,

5.

The modified categorical approach is inapplicable to a divisible statute when none of the alternative elements match any elements of the current comparable crime.

6.

The vehicles and structures listed in Mo. Rev. Stat. § 569.010(2) (2000) are alternative factual ways to satisfy the location element of an inhabitable structure, which is an element required to prove the crime of second-degree burglary in an inhabitable structure under Mo. Rev. Stat. § 569.170 (2000), the statute in Missouri that is similar in nature and covers a similar type of criminal conduct to the Kansas burglary statute.

7.

Under the facts of this case, the district court was constitutionally prohibited from classifying the defendant's prior burglary conviction as a person felony under K.S.A. 2016 Supp. 21-6811(d) because doing so necessarily resulted from the district court making or adopting a factual finding (*i.e.*, the prior burglary involved a dwelling) that went beyond simply identifying the statutory elements that constituted the prior burglary conviction.

8.

K.S.A. 2016 Supp. 21-6811(e) governs the classification of prior convictions as person or nonperson offense for purposes of scoring criminal history when the prior offense qualifies as both an out-of-state conviction and as a prior burglary conviction.

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed April 28, 2017. Sentence vacated and case remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., STANDRIDGE and SCHROEDER, JJ.

3

STANDRIDGE, J.:  Lee Horst Ralf Fahnert appeals the district court's classification of his 2007 Missouri burglary conviction as a person felony for purposes of scoring his criminal history. We find the district court's classification violated Fahnert's constitutional rights under *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as applied by our state in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). Accordingly, we vacate the sentence imposed and remand to the district court for resentencing.

FACTS

On June 26, 2015, Fahnert pled guilty to attempted theft with two or more prior convictions, a severity level 10 nonperson felony. A presentence investigation (PSI) report prepared before sentencing indicated that Fahnert's criminal history score was B based in part on a prior 2007 burglary conviction in Cass County, Missouri, which was classified as a person felony. Fahnert objected to his criminal history score and requested a continuance so he could file a written objection. The district court granted Fahnert's request.

On August 24, 2015, Fahnert filed a brief objecting to his criminal history score. Specifically, Fahnert claimed his 2007 Missouri burglary conviction was improperly classified as a person felony because he pled guilty in that case to burglary of a structure that was *not* a dwelling. In a response brief, the State argued the Missouri burglary was properly classified. In support of its argument, the State attached documents from the underlying Missouri conviction to establish that Fahnert's 2007 Missouri conviction was burglary of a residence. After reviewing the documents submitted by the State and hearing arguments from both counsel at Fahnert's October 16, 2015, sentencing hearing, the court overruled Fahnert's objection to his criminal history score and sentenced him to a term of 10 months in prison.

4

ANALYSIS

Fahnert's only contention on appeal is that the district court erred in classifying his 2007 Missouri burglary conviction as a person offense. Whether a district court properly classified a defendant's prior burglary conviction as a person crime for purposes of scoring criminal history is a question of law over which an appellate court has unlimited review. See *State v. Luarks*, 302 Kan. 972, 976, 360 P.3d 418 (2015); *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). We begin our analysis with the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2016 Supp. 21-6801 *et seq.*, which sets forth the procedure for classifying prior convictions to score criminal history.

K.S.A. 2016 Supp. 21-6811(e) governs the classification of prior out-of-state convictions like the one here. Under that subsection, the court first must determine whether the prior conviction is a misdemeanor or a felony based on the law of the state where the defendant was convicted. K.S.A. 2016 Supp. 21-6811(e)(2). In this case, the sentencing court properly classified Fahnert's prior conviction as a felony for purposes of scoring criminal history because Missouri treated the prior conviction as a felony. See Mo. Rev. Stat. § 569.170 (2000). Next, the court must determine whether to classify the prior out-of-state conviction as a person or nonperson offense. The court makes this determination by looking to see whether the Kansas Criminal Code had a comparable offense at the time the defendant committed the current crime of conviction. K.S.A. 2016 Supp. 21-6811(e)(3); *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). If there is no comparable offense in Kansas at the time the defendant committed the current crime of conviction, the out-of-state conviction is classified as a nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3). If Kansas does have a comparable offense at the time the defendant committed the current crime of conviction, the court must refer to that comparable offense in Kansas in deciding whether to classify the prior out-of-state conviction as a person or nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3).

5

To determine whether a Kansas statute is comparable to an out-of-state conviction, "'the offenses need only be comparable, not identical.'" *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 [2015]). Instead of identical, a comparable crime is one that is "'similar in nature and cover[s] a similar type of criminal conduct.'" *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014) (quoting *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 [2010]), *rev. denied* 302 Kan. 1019 (2015). Thus, K.S.A. 2016 Supp. 21-6811(e) allows the sentencing court to classify a prior out-of-state conviction as a person felony in scoring criminal history if the out-of-state offense is similar in nature and covers a type of criminal conduct similar to a Kansas offense that is classified as a person felony. If the current comparable offense under the Kansas Criminal Code criminalizes some conduct as a person offense and other conduct as a nonperson person offense, however, both the Kansas and United Stated Constitutions require further analysis to determine the propriety of classifying a prior out-of-state conviction as a person offense for purposes of scoring criminal history under K.S.A. 2016 Supp. 21-6811(e). In that circumstance, which arises under the Kansas burglary statute, K.S.A. 2016 Supp. 21-5807, at issue here, the constitutional protections described in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), are implicated when the court goes beyond the fact of a prior out-of-state conviction and its statutory elements to make findings of fact that are then used to increase the penalty for the current crime of conviction beyond the prescribed statutory maximum.

In *Dickey*, 301 Kan. 1018, Syl. ¶ 7, our Supreme Court explained that "[t]he constitutional protections described in [*Apprendi*] are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." In *Apprendi*, 530 U.S. at 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any

6

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

In *Descamps*, 133 S. Ct. at 2281, the United States Supreme Court identified the two ways in which a sentencing court can analyze prior convictions for purposes of current sentencing without violating the constitutional protections articulated in *Apprendi*: the categorical approach and the modified categorical approach. Regardless of which approach is used, the sentencing court ultimately is required to compare the elements of the prior conviction with elements of the generic offense without looking into the facts underlying the prior conviction. *Descamps*, 133 S. Ct. at 2281. Both of these approaches were adopted by the Kansas Supreme Court in *Dickey*, 301 Kan. at 1036-40.

Under the categorical approach, the court looks only at the statutory elements of the two offenses being compared. A modified categorical approach is used, however, when the prior conviction statute is divisible—in other words, when the statute under which the defendant previously was convicted provides alternative ways of committing the crime, each with its own set of elements. Under the modified categorical approach, the court can look at a limited set of documents to determine which set of statutory elements it should use for purposes of comparing that prior conviction with the elements of the current comparable offense. So, the modified categorical approach lets the court look at a few underlying facts from the prior conviction, but not for sentencing purposes—only to determine which alternative set of elements in the prior conviction statute it should compare to the current comparable offense. *Descamps*, 133 S. Ct. at 2281.

Most recently, in *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2249, 195 L. Ed. 2d 604 (2016), the United States Supreme Court clarified that the modified categorical approach applies only to statutes that list "multiple elements disjunctively" and not to those that merely list "various factual means of committing a single element."

To illustrate the difference, the Court provided an example. If "a statute requires the use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify," application of the modified categorical approach would be inappropriate because that statute "merely specifies diverse means of satisfying a single element of a single crime." 136 S. Ct. at 2249. Thus, "[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." 136 S. Ct. at 2256.

Having set forth the statutory procedure for classifying prior out-of-state convictions for purposes of scoring criminal history in circumstances where that particular classification ultimately enhances a defendant's sentence for a current conviction, we are ready to review the district court's decision to classify Fahnert's 2007 Missouri burglary conviction as a person offense. At the time Fahnert committed his current crime, the Kansas burglary statute provided, in relevant part:

> "(a) Burglary is, without authority, entering into or remaining within any:
>
> (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
>
> (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or
>
> (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein.
>
> . . . .
>
> "(c)(1) Burglary as defined in
>
> (A) Subsection (a)(1) is a severity level 7, person felony . . . ." K.S.A. 2014 Supp. 21-5807.

Based on the language in the Kansas burglary statute, Fahnert's 2007 Missouri burglary conviction must be classified as a prior person felony if it was burglary of a

dwelling but as a prior nonperson felony if it was burglary of a nondwelling. K.S.A. 2014 Supp. 21-5807. In Kansas, a dwelling is defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2016 Supp. 21-5111(k). Thus, if the Missouri burglary statute includes a requirement that the burglary was of an enclosed space used or intended for use as a human habitation, home, or residence, then the prior conviction should be classified as a person felony in Kansas.

The Missouri burglary statute that forms the basis for Fahnert's prior conviction in 2007 provided, in relevant part:

"1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.
"2. Burglary in the second degree is a class C felony." Mo. Rev. Stat. § 569.170 (2000).

Mo. Rev. Stat. § 569.010 (2000) sets forth the definition of inhabitable structure as that term is used in the Missouri second-degree burglary statute above:

"(2) 'Inhabitable structure' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:
(a) *Where any person lives* or carries on business or other calling; or
(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or
(c) *Which is used for overnight accommodation of persons*. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." (Emphasis added.)

Fahnert argues the sentencing court erred in classifying his prior conviction as a person felony. In support of his argument, Fahnert first points out that Mo. Rev. Stat.

9

§ 569.170 does not include a dwelling element. Second, Fahnert points out that the list of vehicles and structures that qualify as an inhabitable structure under Mo. Rev. Stat. § 569.010 is significantly broader than the vehicles and structures that qualify as a dwelling under the comparable Kansas statute. A Missouri burglary conviction includes burglary of any vehicle or structure where a person carries on a business or other calling or where people assemble for business, government, education, religion, entertainment, or public transportation. But a Kansas (person) burglary conviction must involve burglary of a dwelling, which is limited to vehicles and structures used solely for purposes of human habitation, home, or residence. Given the 2000 Missouri burglary statute does not include a requirement that the burglary be of an enclosed space used or intended for use as a human habitation, home, or residence, Fahnert claims the sentencing court necessarily had to have considered facts beyond the elements of the comparable statutes to find that his prior Missouri burglary had been committed in a dwelling. Because his sentence was enhanced as a result of this finding, Fahnert argues the sentencing court engaged in improper judicial factfinding that violated his constitutional rights under *Apprendi* and *Descamps*, as applied by *Dickey*.

Utilizing the legal principles dictated by *Dickey*, we begin by examining the 2000 Missouri burglary statute to determine whether the categorical approach or the modified categorical approach applies to our analysis. Because the modified categorical approach is applicable only when the defendant was convicted of violating a divisible statute and then, only to the extent it is necessary to determine which alternative statutory offense formed the basis for the conviction, we begin with that determination. A criminal offense is "divisible" only when a statute lists multiple, alternative elements that effectively create several different crimes. But as the Supreme Court specifically pointed out in *Dickey*, 301 Kan. at 1038, the modified categorical approach will not be applicable to every statute that is divisible

10

"because, in some cases, *none of the alternative elements will match any elements of the corresponding generic crime*. Post-*Descamps*, a case involving a prior statute of conviction for burglary containing alternative elements, none of which match any element of a generic statute, is virtually indistinguishable from a case involving a prior statute of conviction for burglary containing a single and indivisible set of elements; thus, the modified approach has no role to play.'"

Our review of the Missouri burglary statute reveals it is phrased in the alternative with respect to the type of structure burglarized:  building or inhabitable structure. See Mo. Rev. Stat. § 569.170 (2000). But in this case, it is unnecessary to determine whether the statute is divisible, *i.e.*, whether "building" and "inhabitable structure" are alternative elements (making the statute divisible) or alternative factual means (making the statute indivisible). As was the case in *Dickey*, the modified categorical approach would not be proper here even if we did decide the alternative phrasing of "building" and "inhabitable structure" rendered Mo. Rev. Stat. § 569.170 divisible because neither the elements of burglary of a building or burglary of an inhabitable structure match the dwelling location element of the Kansas statute. See *Dickey*, 301 Kan. at 1038 (modified categorical approach inapplicable to a divisible statute when none of the alternative elements match any elements of the current comparable crime).

Although we have declined to decide whether "building" and "inhabitable structure" are alternative elements (making the statute divisible) or alternative factual means (making the statute indivisible), we note there are federal courts in Missouri after *Mathis* that have construed the alternate locations in Mo. Rev. Stat. § 569.170 as alternative means, which in turn have caused the courts to conclude the statute is indivisible. See *Givens v. United States*, __ F. Supp. 3d __, No. 4:16-CV-1143 CAS, 2016 WL 7242162, at *5-7 (E.D. Mo. 2016) (concluding Missouri second-degree burglary statute is indivisible because it includes alternative means, not elements; thus modified categorical approach not permitted); *Taylor v. United States*, __ F. Supp. 3d __, No. 1:16-CV-149 CAS, 2016 WL 6995872, at *6 (E.D. Mo. 2016) (same); *Johnson v.*

11

*United States*, __ F. Supp. 3d __, No. 4:16-CV-00649-NKL, 2016 WL 6542860, at *3 (W.D. Mo. 2016) (same); *United States v. Bess*, No. 4:15-CR-00021-ERW, 2016 WL 6476539, at *4 (E.D. Mo. 2016); *Henderson v. United States*, 207 F. Supp. 3d 1047, 1054 (W.D. Mo. 2016) (same); *Small v. United States*, 204 F. Supp. 3d 1069, 1074 (W.D. Mo. 2016) (same); see also *United States v. Rockwell*, 207 F. Supp. 3d 915, 919 (W.D. Ark. 2016) (same). *Cf. United States v. Sykes*, 844 F.3d 712, 715-16 (8th Cir. 2016) (finding burglary of "building" describes element of second-degree burglary rather than a means; thus, court did not run afoul of *Mathis* in looking at documents to determine whether prior conviction was burglary of building, which, if so, would have conformed to elements of generic burglary).

But, again, under the legal principles expressly stated by our Supreme Court in *Dickey*, there is no need for us to decide whether Mo. Rev. Stat. § 569.170 is divisible because even if building and inhabitable structure are alternative elements, neither match the dwelling element required in the comparable Kansas statute. *Dickey*, 301 Kan. at 1038-39. For this reason, we find the district court erred by using the modified categorical approach to go beyond simply comparing the statutory elements to look at documents in the underlying case and make a factual finding that Fahnert's Missouri burglary conviction had been committed in a dwelling. And because Fahnert's sentence was enhanced as a result of that finding, we conclude the sentencing court engaged in improper judicial factfinding that violated Fahnert's constitutional right to trial by jury under *Apprendi*. Under *Dickey*, Fahnert's prior Missouri burglary conviction should have been classified as a nonperson felony because the burglary statute in Missouri did not include a dwelling element, and the definition of inhabitable structure as that term was used in the statute included vehicles and structures used or intended to be used for purposes other than a human habitation, home, or residence.

Our analysis of the Missouri statute on the issue presented here not only complies with Kansas Supreme Court and United States Supreme Court precedent but also is

12

consistent with that used by other panels of our court in several unpublished opinions. See *State v. Wetrich*, No. 112,361, 2016 WL 197808, at *5 (Kan. App. 2016) (unpublished opinion) ("[E]ven though Mo. Rev. Stat. § 569.170 [1988] is a divisible statute, because none of the alternative elements in Mo. Rev. Stat. § 569.170 [1988] match the essential 'dwelling' element in K.S.A. 21-3715[a], the district court was prohibited from looking outside the elements of the comparable offenses without violating *Apprendi* and *Descamps*."), *rev. granted* 305 Kan. __ (December 13, 2016); *State v. Beck*, No. 113,496, 2016 WL 3570543, at *4 (Kan. App. 2016) (unpublished opinion) (prior Arkansas burglary conviction properly classified as nonperson felony because Arkansas burglary statute did not include dwelling element where definition of "occupiable structure" included commercial buildings not intended for use as a human habitation, as long as they could be "occupied"), *rev. denied* 305 Kan. __ (February 7, 2017); *State v. Farley*, No. 109,655, 2014 WL 5345895, at *7 (Kan. App. 2014) (unpublished opinion) (district court erred in treating Farley's 1998 Missouri burglary conviction as a person felony in scoring his criminal history because "[t]he Missouri statute under which Farley was convicted covered conduct that would not qualify as a person felony in Kansas"), *rev. denied* 302 Kan. 1014 (2015).

Notwithstanding the state and federal decisions supporting our analysis, we note that our decision today conflicts with a recent unpublished decision from another panel of this court in *State v. Sodders*, No. 115,366, 2017 WL 462046 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 3, 2017. But we are not bound by the decision of a previous panel of our court. *State v. Urban*, 291 Kan. 214, 223, 239 P.3d 837 (2010). "While we must carefully consider each precedent cited to us, we also must uphold our duty to correctly determine the law in each case that comes before us. In doing so, we sometimes find that we must respectfully disagree with the opinion of another panel." *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 13, 287 P.3d 287 (2012).

Like here, the issue on appeal in *Sodders* was whether the sentencing court misclassified a prior Missouri burglary conviction as a person offense. Contrary to the conclusion we reach today, the *Sodders* court ultimately found it proper to apply the modified categorical approach. In so concluding, the court disagreed with the ruling in *Wetrich* that none of the alternative elements (building or inhabitable structure) in the Missouri statute match the dwelling element in K.S.A. 21-3715(a), the Kansas burglary statute. Citing Mo. Rev. Stat. § 569.010, the definitional statute that enumerates the broad list of vehicles and structures qualifying as inhabitable structures under Mo. Rev. Stat. § 569.170, the *Sodders* panel singled out two narrow examples that would qualify as a dwelling under the Kansas burglary statute: "(a) *Where any person lives* or carries on business or other calling; or (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or (c) *Which is used for overnight accommodation of persons*." (Emphasis added.) Mo. Rev. Stat. § 569.010(2).

Although the *Sodders* panel never said so expressly, it construed the two narrow examples of structures it singled out of the broader list to be separate location elements of the crime of burglary (as opposed to alternative factual ways to satisfy the location element) that matched the element of dwelling in the Kansas burglary statute. Construing the statute this way allowed the court to apply the modified categorical approach and look beyond the language in the Missouri statute to review the written petition to enter a plea of guilty in the prior underlying case, which stated Sodders "'knowingly entered unlawfully into a house owned by Wendy Hale.'" *Sodders*, 2017 WL 462046, at *5. Finding the term "house" fell within the definition of dwelling, the court affirmed the district court's decision to classify Sodders' 2008 Missouri burglary conviction as a person felony. 2017 WL 462046, at *5.

We disagree with the analysis utilized by the court in *Sodders*. Our disagreement centers on the panel's finding that the list of vehicles and structures provided in Mo. Rev.

14

Stat. § 569.010(2) are separate location elements of the crime of second-degree burglary in Missouri under Mo. Rev. Stat. § 569.170. As previously explained, use of the modified categorical approach is proper "when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the [Kansas] offense." *Dickey*, 301 Kan. at 1037. If we were to adopt the analysis in *Sodders*, each and every vehicle and structure listed in Mo. Rev. Stat. § 569.010(2) would state an alternative element that would create a separate way in which one can commit the crime of second-degree burglary in Missouri. Instead of distinct and separate elements, we believe the vehicles and structures listed in the Mo. Rev. Stat. § 569.010(2) (2000) are alternative factual ways to satisfy the locational element of inhabitable structure, which is an element that is required to prove the crime of second-degree burglary in Missouri. See Mo. Rev. Stat. § 569.170 (2000) (second-degree burglary defined as unlawfully entering or remaining in a building or inhabitable structure).

In *State v. Brown*, 295 Kan. 181, 196, 284 P.3d 977 (2012), the Kansas Supreme Court addressed the difference between alternative elements that present distinct ways of committing a crime and various factual means by which the element can be proved:

> "Regardless of such subsection design, however, a legislature may list additional alternatives or options within one alternative means of committing the crime. But these options within an alternative do not constitute further alternative means themselves if they do not state additional and distinct ways of committing the crime, that is, if they do not require proof of at least one additional and distinct material element."

The distinction between alternative elements that present alternative crimes and alternative factual ways to satisfy a single element of a crime was recently addressed by the United States Supreme Court in *Mathis*, 136 S. Ct. at 2257. At issue in *Mathis* was Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements—the place where a burglary can occur. The generic offense of burglary requires

15

unlawful entry into a "building or other structure." In contrast, the Iowa statute describes a broader range of places where a burglary can be committed: "'any building, structure, [or] land, water, or air vehicle.'" 136 S. Ct. at 2250 (quoting Iowa Code § 702.12 [2013]). The Supreme Court concluded the listed locations in Iowa's statute are not "alternative elements, going toward the creation of separate crimes" but instead are "alternative ways of satisfying a single locational element." 136 S. Ct. at 2250. Given the elements of Iowa's burglary statute were broader than the elements of generic burglary, the Court held that the defendant's prior burglary convictions in Iowa could not be used to enhance his current sentence as provided in the Armed Career Criminal Act (ACCA). 136 S. Ct. at 2257. In so holding, the Court reiterated that generally established principles render "the 'underlying brute facts or means' of commission" irrelevant and that sentencing courts are to engage in "an elements-only inquiry" of the statute of conviction. 136 S. Ct. at 2251-52. The Court held this to be true even if the sentencing judge knows or can easily discover that the actual facts underlying defendant's prior conviction satisfy the elements of the generic offense. 136 S. Ct. at 2251.

Notably, each of the Missouri federal courts cited above construing the Missouri second-degree burglary statute relied on *Mathis* to find, like we have here, that the vehicles and structures listed in the Mo. Rev. Stat. § 569.010(2) (2000) are alternative factual ways to satisfy the element of inhabitable structure in Mo. Rev. Stat. § 569.170 (2000). See *Givens*, 2016 WL 7242162, at *5-7; *Taylor*, 2016 WL 6995872, at *6; *Johnson*, 2016 WL 6542860, at *3; *Bess*, 2016 WL 6476539, at *4; *Henderson*, 207 F. Supp. 3d at 1053-54; *Small*, 204 F. Supp. 3d at 1074; see also *Rockwell*, 207 F. Supp. 3d at 919. In light of this finding, each of the courts held Mo. Rev. Stat. § 569.170 to be an indivisible statute subject to the categorical approach, which limits the sentencing court to comparing statutory elements.

Although the defendant in *Sodders* relied on *Mathis* in his written brief on appeal in arguing that the sentencing court went beyond simply comparing statutory elements to

16

classify his prior Missouri burglary conviction as a person felony and enhance his current sentence, the panel found the defendant's reliance on *Mathis* to be misplaced. Specifically, the panel "consider[ed] *Mathis* inapplicable because its analysis was mandated by the ACCA, not the Sixth Amendment" to the United States Constitution. *Sodders*, 2017 WL 462046, at *5. But based on our review of the United States Supreme Court opinion, we respectfully disagree with the panel's conclusion that the holding in *Mathis* is grounded solely in the ACCA. In its opinion, the United States Supreme Court expressly stated three separate and distinct reasons for its "adher[ence] to an elements-only inquiry":  (1) the ACCA's use of the word "conviction" mandates it; (2) a contrary approach would "raise serious Sixth Amendment concerns"; and (3) "an elements-focus avoids unfairness to defendants" by preventing factual admissions that a defendant had no reason to contest in a prior proceeding from serving as the basis for an enhanced penalty. *Mathis*, 136 S. Ct. at 2252-53. Thus, in addition to the statutory language of the ACCA, it is clear that the Court's analysis equally was grounded in (1) safeguarding the rights guaranteed under the Sixth Amendment and (2) preventing manifest injustice.

Consistent with the analysis in *Brown* and *Mathis*, we find the vehicles and structures itemized in the Mo. Rev. Stat. § 569.010(2) (2000) are alternative factual ways to prove inhabitable structure, an element required to prove the crime of second-degree burglary in Missouri. We do not know whether Fahnert's 2007 conviction was for burglary of a structure where a person lived or burglary of a structure used for overnight accommodation of persons, both of which would qualify as a person felony under K.S.A. 2016 Supp. 21-5807. But we do know that Fahnert's burglary conviction under Mo. Rev. Stat. § 569.170 (2000) was not contingent on a finding that he committed burglary of a structure where a person lived or burglary of a structure used for overnight accommodation of persons. His conviction was contingent on proof that he committed burglary of an inhabitable structure. The manner in which the inhabitable structure was used is not an element of second-degree burglary under Mo. Rev. Stat. § 569.170 and is

17

immaterial to whether the elements of the crime of conviction sufficiently match the elements of burglary of a dwelling in Kansas.

Despite the difference in our opinions regarding an alternative element to the crime of second-degree burglary in Missouri and an alternative factual way to prove that element, we *do* agree with the panel in *Sodders* on an issue that, although not analyzed in *Sodders*, is a significant point of law. Both this panel and the panel in *Sodders* decided the sentencing court misclassified a prior out-of-state burglary conviction as a person offense by applying K.S.A. 2016 Supp. 21-6811(e), which governs classification of out-of-state convictions in scoring an offender's criminal history. This is significant because K.S.A. 2016 Supp. 21-6811(d), which is set forth in a subsection of its own separate and apart from the procedure for classifying prior out-of-state convictions, governs classification of prior burglary convictions. Under K.S.A. 2016 Supp. 21-6811(d), the sentencing court's decision regarding classification of a prior burglary conviction as a person or nonperson offense is based solely on whether the prior conviction involved a dwelling and does not require a comparability analysis.

K.S.A. 2016 Supp. 21-6811 does not indicate whether it is subsection (e) or subsection (d) that governs the classification process when, as here, the prior offense qualifies as both an out-of-state conviction and as a prior burglary conviction. But the classification of a prior offense can vary based on which process is used. If K.S.A. 2016 Supp. 21-6811(e) is used, the court is required to consider whether the out-of-state burglary statute of conviction is similar in nature and covers a type of criminal conduct similar to the Kansas burglary statute. If K.S.A. 2016 Supp. 21-6811(d) is used, however, the court's process for classifying a prior burglary conviction as a person or nonperson offense is limited to only one query:  whether the prior offense included a dwelling element. In this process, the only element of a prior out-of-state burglary conviction required to be similar in nature to the Kansas burglary statute is the type of structure burglarized. Although the dwelling element is key to the person or nonperson

18

classification of an offense in Kansas, the limited analysis under K.S.A. 2016 Supp. 21-6811(d) excludes the possibility that some other element of the out-of-state burglary conviction is not similar in nature and does not cover a type of criminal conduct similar to the Kansas burglary statute. If the elements of the prior out-of-state burglary statute are not similar in nature and do not cover a type of criminal conduct similar to the elements of the current Kansas burglary statute, however, the Kansas offense is not comparable under K.S.A. 2016 Supp. 21-6811(e)(3), which in turn would mean that the out-of-state conviction would have to be classified as a nonperson offense.

Although there is no legislative history to explain the variance between the process in K.S.A. 2016 Supp. 21-6811(d) (formerly K.S.A. 21-4711[d]) for classifying a prior burglary conviction as a person or nonperson offense and the process in K.S.A. 2016 Supp. 21-6811(e) (formerly K.S.A. 21-4711[e]) for classifying a prior out-of-state conviction as a person or nonperson offense, we note the statute containing both of these provisions was enacted as part of the KSGA. L. 1992, ch. 239, sec. 11. In enacting the KSGA, the legislature designated the majority of then-existing crimes as either person, nonperson, or unclassified. Thus, every offense in the Kansas Criminal Code that existed before July 1, 1993, also existed after July 1, 1993, but with a designation of person or nonperson. The offense of burglary, however, was unique. Although Kansas did not distinguish burglary as a person or nonperson crime before 1993, the legislature included such a distinction when it enacted the KSGA. So after 1993, burglary of a dwelling was designated as a person offense and burglary of a nondwelling was designated as nonperson offense. Because of this, it appears the legislature believed it necessary to include subsection (d) to the criminal history classification statute in order to separately explain the newly created distinction in classifying prior Kansas burglaries as person or nonperson crimes for purposes of scoring criminal history.

The varying results based on which subsection of the statute is applied to classify an out-of-state burglary as a person or nonperson offense has generated an inconsistent

19

line of cases from our court. See *State v. Moore*, 52 Kan. App. 2d 799, 815-16, 377 P.3d 1162 (2016), *rev. granted* 305 Kan. __ (December 13, 2016) (collecting inconsistent cases from other panels). In *Moore*, the defendant argued his prior burglary conviction in Oregon should not count as a person felony for criminal history purposes in sentencing him for the current conviction. In support of this argument, the defendant pointed out that the intent element of the Oregon burglary statute was broader than the intent element in the comparable Kansas statute. Because of this statutory difference, the defendant claimed the Kansas burglary statute was not comparable to the Oregon statute and since there was no comparable Kansas crime, the prior conviction must be classified as nonperson. *Moore*, 52 Kan. App. 2d at 809 (quoting K.S.A. 2015 Supp. 21-6811[e][3] ["'If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.'"]). But the panel in *Moore* was not persuaded by this argument. Although the panel used the process in K.S.A. 2015 Supp. 21-6811(e)(3) to begin the classification process of the Oregon prior burglary conviction, the panel ultimately shifted its analysis to the limited burglary classification process in K.S.A. 2015 Supp. 21-6811(d), concluding: "[T]he dwelling element is the only thing that separates person burglary from nonperson burglary; in other words, the level of intent required for nonperson burglary is the same as person burglary." *Moore*, 52 Kan. App. 2d at 814.

Because the panel in *Moore* ultimately utilized the process in K.S.A. 2015 Supp. 21-6811(d) to classify the prior out-of-state burglary conviction as a person or nonperson offense, the court necessarily limited its analysis to whether the prior offense included a dwelling element. As a result, the only element of the prior out-of-state burglary conviction required to be similar in nature to the Kansas burglary statute under K.S.A. 2015 Supp. 21-6811(d) was the type of structure burglarized: the dwelling. Because this process excluded the possibility that some other element of the out-of-state burglary statute of conviction was not similar in nature and did not cover a type of criminal conduct similar to the Kansas burglary statute, *i.e.*, intent, we disagree with the panel's

20

analysis. As the court did in *Sodders*, we conclude K.S.A. 2016 Supp. 21-6811(e) governs the classification process when the prior offense qualifies as both an out-of-state conviction and as a prior burglary conviction.

Based on the discussion above, we conclude:

- K.S.A. 2016 Supp. 21-6811(e) governs the classification of prior convictions as a person or a nonperson offense for purposes of scoring criminal history when the prior offense qualifies as both an out-of-state conviction and as a prior burglary conviction.

- The modified categorical approach is inapplicable in this particular case because even if the alternative phrasing of "building" and "inhabitable structure" are alternative elements that render Mo. Rev. Stat. § 569.170 divisible, neither element matches the dwelling location element in K.S.A. 2014 Supp. 21-5807.

- The vehicles and structures listed in the Mo. Rev. Stat. § 569.010(2) (2000) are alternative factual ways to satisfy the locational element of inhabitable structure, which is required to prove the crime of second-degree burglary of an inhabitable structure under Mo. Rev. Stat. § 569.170 (2007), the statute in Missouri similar in nature that covers a similar type of criminal conduct in relation to the comparable Kansas burglary statute.

- The sentencing court erred by going beyond simply comparing the statutory elements to review documents and make a factual finding that Fahnert's Missouri burglary conviction had been committed in a dwelling and because Fahnert's sentence was enhanced as a result of that finding, the sentencing court engaged in improper judicial factfinding that violated Fahnert's constitutional right to trial by jury under *Apprendi*.

- Under *Dickey*, Fahnert's prior Missouri burglary conviction should have been classified as a nonperson felony because the burglary statute in Missouri did not include a dwelling element and the definition of inhabitable structure as that term was used in the statute included vehicles and structures used or intended to be used for purposes other than a human habitation, home, or residence.

Based on these conclusions, we vacate Fahnert's sentence and remand to the district court to classify Fahnert's prior Missouri burglary conviction as a nonperson felony and resentence him after such reclassification.

Sentence vacated and case remanded with directions.